IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EWAN BRYCE, # 13069-014                                                         PETITIONER

VERSUS                                            CIVIL ACTION NO. 5:13cv208-DCB-MTP

M. MARTIN                                                                        RESPONDENT

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Ewan Bryce filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is presently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi and attacks his sentence for conspiracy to distribute cocaine. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

BACKGROUND

On October 28, 2013, Petitioner filed the instant habeas petition challenging his drug conspiracy sentence handed down from the District of Connecticut. He was convicted by a jury of conspiracy to distribute more than five kilograms of, and of distributing, cocaine. He was tried and convicted without the testimony of the confidential informant, who was murdered the month before trial. *United States v. Bryce*, 287 F.3d 249, 252 (2d Cir. 2002) ("*Bryce III*"). Petitioner was originally sentenced to concurrent terms of 124 months' imprisonment, followed by five years of supervised release, on both counts. *Id.*

Petitioner was then indicted for murdering the confidential informant, in order to keep him from testifying and in retaliation. *Id.* Subsequently, the Second Circuit Court of Appeals reversed Petitioner's distribution conviction and remanded the first case for re-sentencing on

conspiracy.  *United States v. Bryce*, 208 F.3d 346, 356 (2d Cir. 1999).  On October 6, 2000, between remand and re-sentencing, Petitioner was acquitted of murder.  *United States v. Bryce*, No. 3:97-CR-249, 2007 U.S. Dist. LEXIS 54313 at *3 (D. Conn. July 26, 2007) ("*Bryce V*").

Re-sentencing then took place on February 23, 2001.  *United States v. Bryce*, 141 F. Supp. 2d 269, 270 (D. Conn. 2001).  The trial court re-sentenced Petitioner to 240 months, which the court held was the maximum sentence for the drug conspiracy.  *Id.* at 272.  The offense level for the new sentence was increased under Section 1B1.3(a)(1) of the Sentencing Guidelines, based on the trial court's finding that Petitioner had murdered the confidential informant in order to keep him from testifying.  *Id.*  The Second Circuit affirmed the new sentence.  *Bryce III*, 287 F.3d at 251.  The Supreme Court denied certiorari.  *Bryce v. United States*, 537 U.S. 884 (2002).

Petitioner then filed his first motion to vacate his sentence under 28 U.S.C. § 2255.  *Bryce V*, No. 3:97-CR-249, 2007 U.S. Dist. LEXIS 54313 at *1-2.  Among other things, he argued that his new sentence violated the Sixth Amendment under *United States v. Booker*, 543 U.S. 220 (2005).  *Id.* at *1.  On July 26, 2007, the district court denied the motion and held *Booker* was not retroactively applicable on collateral review.  *Id.* at *12.  The Second Circuit denied Petitioner leave to file a successive § 2255 motion on October 22, 2008.  *Bryce v. Scism*, No. 3:09CV2024, 2010 U.S. Dist. LEXIS 131927 at *4 (D. Conn. Dec. 13, 2010) ("*Scism I*").

Petitioner then filed his first petition for a writ of habeas corpus, pursuant to § 2241, on February 11, 2009.  *Bryce v. Martinez*, No. 09-1730, 2009 U.S. App. LEXIS 17560 at *760 (3d Cir. Aug. 6, 2009).  He again challenged the sentence increase based on the murder.  *Id.*  The Middle District of Pennsylvania dismissed the case for lack of jurisdiction.  *Id.*  The Third Circuit Court of Appeals affirmed, holding Petitioner had not demonstrated that § 2255 was an

inadequate or ineffective remedy.  *Id.* at 761.  He then filed a second § 2241 petition, on December 11, 2009.  *Scism I*, No. 3:09CV2024, 2010 U.S. Dist. LEXIS 131927 at *4.  Once again, he argued he was actually innocent of the sentence enhancement because he was acquitted of murder.  *Id.*  On December 13, 2010, the District of Connecticut held that Petitioner failed to meet the Second Circuit's savings clause, because he did not actually establish that he was innocent of the underlying drug offense and he had a reasonable opportunity to raise the issue in his first § 2255 motion.  *Id.* at *7-8.  In the meantime, on September 14, 2010, Petitioner filed his third § 2241 petition.  *Bryce v. Scism*, No. 3:10cv1914 at 1 (M.D. Pa. Oct. 28, 2010).  The Middle District of Pennsylvania denied the petition and alternatively noted that he had not received permission to file a successive § 2241 petition.  *Id.* at 6.

Most recently, the Second Circuit denied Petitioner leave to file another successive § 2255 petition, based on a Sixth Amendment challenge to the murder enhancement.  *Bryce v. United States*, No. 12-1634 (2d Cir. May 14, 2012).

## DISCUSSION

Petitioner again claims that his sentence was unlawfully increased on re-sentencing based on the judge's finding that Petitioner had committed murder.  He claims he is actually innocent of murder, since he had been previously acquitted.  In support of this argument, Petitioner cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).  By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.

2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claim that he was improperly re-sentenced to 240 months does not challenge the execution of his federal sentence but instead attacks the validity of his sentence. Since this alleged constitutional violation occurred at re-sentencing, it is not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

Petitioner contends he meets the requirements to proceed under the savings clause based on his actual innocence of murder, the conduct used to increase his sentence. The Fifth Circuit has consistently disallowed sentence enhancement claims under the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). A "claim of actual innocence of a[n] . . . enhancement is not a claim of actual innocence of the crime of conviction and, thus, not

the type of claim that warrants review under § 2241." *Bradford*, 660 F.3d at 230.  Likewise, Petitioner only argues that he is innocent of the conduct used to increase his sentence.  He does not contend that he is innocent of the underlying drug conspiracy of which he was convicted.  Thus, he fails the first prong of the *Reyes-Requena* test.  *Padilla*, 416 F.3d at 427.

Nothing in *Alleyne* changes this conclusion.  *Alleyne* explicitly relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that, generally, any fact that increases the mandatory minimum of a sentence must be found by a jury.  *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013).  As the Fifth Circuit has held, "*Apprendi* implicates only the validity of the sentence," it does not establish innocence of the substantive drug offense.  *Wesson*, 305 F.3d at 348.  Therefore, such a claim does not satisfy the first prong of the *Reyes-Requena* test.  *Id.*

Petitioner also fails the second prong of *Reyes-Requena*.  That is, he has not established that his claim was "foreclosed by circuit law" at the time when the claim should have been raised at trial, on appeal, or in the first § 2255 petition.  First, he does not point to any Second Circuit law that ever prohibited such a claim.  Second, although he points to *Alleyne*, he relies on that part which cites *Apprendi*.  It was decided in 2000, which predates the re-sentencing at issue.  Therefore, this argument was available to him at re-sentencing, appeal, and in his prior § 2255 motions.  In fact, he raised the Sixth Amendment issue in both his first and most recent § 2255 motions.

Since Petitioner's claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with the claim under § 2241.  Accordingly, the Petition shall be dismissed as frivolous.  To the extent the Petition can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction.  *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered, this the 6th day of December, 2013.

                    s/David Bramlette
                    UNITED STATES DISTRICT JUDGE